**Elza M. MENEAR, Trustee in Bankruptcy of Colonial Candy Corporation, a Bankrupt, Appellant,**

**v.**

**MORGANTOWN COMMUNITY ASSOCIATION, Inc., a West Virginia Corporation, George R. Farmer, as Special Commissioner in the suit of Rockwood & Company, et al., v. Colonial Candy Corporation, and Robert T. Donley, Trustee, Appellees.**

**No. 7181.**

United States Court of Appeals
Fourth Circuit.

Argued June 11, 1956.
Decided July 17, 1956.

Before PARKER, Chief Judge, and BARKSDALE and BRYAN, District Judges.

PER CURIAM.

■ This is an appeal from an order dismissing an action by a trustee in bankruptcy to set aside a conveyance of real estate which had been made to the Morgantown Community Association by a commissioner of a state court and under its order. The conveyance was executed within less than a year of the bankruptcy and the trustee in bankruptcy asked that it be set aside under the provisions of 67, sub. d(2) (a) of the Bankruptcy Act, 11 U.S.C.A. § 107 sub. d(2) (a). It appeared, however, that the association, the grantee under the deed of conveyance, had been the owner of the property and had conveyed it to the bankrupt several years before in a deed containing an option to repurchase. Bankrupt executed at the same time a deed of trust on the real estate to secure an indebtedness due the association; and this deed of trust referred to the option to purchase. Both deed and deed of trust were promptly recorded. Subsequently, but more than two years before the bankruptcy, a lien creditors' bill was filed in a state court against the bankrupt, and the association asserted therein its rights under the option to repurchase and elected to exercise the option. The matter was contested in the state court and an order was entered sustaining the position of the association and appointing a commissioner to make deed pursuant to the terms of the repurchase option. The deed so made is the one which the trustee in bankruptcy seeks to set aside. It is perfectly clear, however, that although the deed was executed by the commissioner of the state court within a year of the bankruptcy, it was executed in compliance with a valid contract affecting the title to the property, and duly recorded, made several years prior thereto. This being true, it was not subject to attack under the Bankruptcy Act but should be sustained for

Glenn Hunter, Morgantown, W. Va. (Charles McCamic, Wheeling, W. Va., on brief), for appellant.

George R. Farmer, Morgantown, W. Va., for appellee.

reasons adequately stated in the opinion of the District Court, where the facts are set forth in detail. See Menear v. Morgantown Community Association, D.C., 136 F.Supp. 292.

■ Attention is called to the fact that one of the claims against the bankrupt was in existence in 1949 when the conveyance to bankrupt with option to repurchase was executed; but this is immaterial. There is no allegation and nothing to show that there was anything fraudulent in connection with that transaction.

Affirmed.